**Samuel Gallegos HERNANDEZ; Maria Hilda Gallegos, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 06–71170, 06–73894.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 14, 2008.

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Arthur L. Rabin, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Samuel Gallegos Hernandez and his wife Maria Hilda Gallegos, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen based on ineffective assistance of counsel and changed country conditions. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We dismiss the petition for review in No. 06–71170, and deny the petition for review in No. 06–73894.

We lack jurisdiction to review the agency's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). We therefore dismiss the petition for review in No. 06–71170.

We agree with the BIA's conclusion that former counsels' performance did not result in prejudice to Petitioners, and thus their claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA considered Petitioners' new evidence regarding their asylum claim based on their evangelical Christian religion, and acted within its broad discretion in determining the evidence was insufficient to establish prima facie eligibility for asylum based on changed country conditions in Mexico. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (defining prima facie case); *Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (court will only reverse BIA denial of motion to reopen if it is arbitrary, irrational, or contrary to law).

In No. 06–71170, **PETITION FOR REVIEW DISMISSED.**

In No. 06–73894, **PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.